**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JONATHAN EDWARD TACKETT ) | Case No. 20-31159-KLP |
| ) | Chapter 13 |
| Debtor ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO EXTEND AUTOMATIC STAY

COMES NOW JONATHAN EDWARD TACKETT (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Memorandum in Support of Motion to Extend Automatic Stay and, and affirmatively states as follows:

### Jurisdiction

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

### Background Facts

4. On March 2, 2020 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5. Within the year prior to filing the instant case, Debtor has been a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on June 25, 2018 and dismissed on or about July 24, 2019 (Case No. 18-33252) (the "previous case").

James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

6. The Debtor has also been a debtor in three (3) additional Chapter 13 bankruptcy cases, which were filed on October 27, 2009 and dismissed on or about August 30, 2010 (Case No. 09-36991); filed on July 10, 1997 and dismissed on or about September 23, 1998 (Case No. 97-34806); and filed on December 15, 1995 and dismissed on or about March 26, 1997 (Case No. 95-35466). In addition, the Debtor has also been a debtor in three (3) Chapter 7 bankruptcy cases, which were filed on July 16, 2003 and discharged on or about October 24, 2003 (Case No. 03-36969); filed on April 9, 2003 and dismissed on or about May 6, 2003 (Case No. 03-33564); and filed on September 20, 1999 and dismissed on or about October, 29, 1999 (Case No. 99-36306).

7. The previous case was dismissed on the Chapter 13 Trustee's Motion due to delinquent payments. In the previous case the Debtor was laid off from his job in April of 2019. He was unable to continue to make his Trustee payments and his case was ultimately dismissed. The Debtor now receives disability from the Veterans Administration and is also actively seeking a full-time job, and will be able to make his plan payments.

## Facts of the Instant Case

8. In the instant case, Debtor has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $50.00 per month for 1 month, then $600.00 per month for 24 months, then $1,663.00 per month for 35 months.

9. Among other provisions, the Plan proposes the following: Payment through the Trustee to Trustees of Grand Lodge of VA for mortgage arrearages, local taxes, and to unsecured creditors a dividend of one percent (1%).

## Discussion

9. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken

with respect to a debt or property securing such debt or with respect to any lease . . . " unless the Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

10. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

11. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtors to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtors must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12. Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the

3

proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14. In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3), "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13." Chaney at 694.

## Argument

15. In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

16. In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and the Debtor's property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

17. Applying the Neufeld factors to Debtor's circumstances and to this case leads to the following conclusions:

4

a. *Percentage of proposed repayment* - The Plan proposes to pay a dividend of 1% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

b. *Debtor's financial situation* – Debtor has income from VA Disability. Application of this factor favors a finding of good faith.

c. *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

d. *Debtor's employment history and prospects* – Debtor has income from VA Disability and is seeking full-time employment. Application of this factor favors a finding of good faith.

e. *Nature and amount of unsecured claims* – Debtor's Schedule F non-priority unsecured debts are estimated to be approximately $38,498.00. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

f. *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that the Debtor's previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

g. *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

h. *Any unusual or exceptional problems facing the particular debtors* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

18. Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". *See* Chaney at 694. In support hereof, the Debtor asserts the following additional arguments:

a. *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor's actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

b. *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

c. *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

d.  *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

e.  *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case. Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, for the foregoing reasons, JONATHAN EDWARD TACKETT respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

Respectfully submitted,

JONATHAN EDWARD TACKETT

By Counsel:

/s/ James E. Kane
James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

      I certify that on April 10, 2020, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

                                /s/ James E. Kane
                                Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JONATHAN EDWARD TACKETT | )   Case No. 20-31159-KLP |
| | )   Chapter 13 |
| Debtor | ) |

#

**AFFIDAVIT OF JONATHAN EDWARD TACKETT**

BEFORE ME, the undersigned authority, personally appeared JONATHAN EDWARD TACKETT, known to me, and upon oath, stated as follows:

1. My name is JONATHAN EDWARD TACKETT I am above the age of 18 years, and competent to make this affidavit.

2. I have personal knowledge of the facts set forth in this affidavit.

3. I reside at 3015 Broad Rock Blvd. Richmond, VA 23224.

4. I have income from VA Disability and I am seeking a full-time job.  I am the debtor in the present bankruptcy case.

5. Within the year prior to filing the instant case, I was a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on June 25, 2018 and dismissed on or about July 24, 2019 (Case No. 18-33252) (the "previous case").

6. I was also a debtor in three (3) additional Chapter 13 bankruptcy cases, which were filed on October 27, 2009 and dismissed on or about August 30, 2010 (Case No. 09-36991); filed on July 10, 1997 and dismissed on or about September 23, 1998 (Case No. 97-34806); and filed on December 15, 1995 and dismissed on or about March 26, 1997 (Case No. 95-35466).  In addition, I was also been a debtor in three (3) Chapter 7 bankruptcy cases, which were filed on July 16, 2003 and discharged on or about October 24, 2003 (Case No. 03-36969); filed on April

9, 2003 and dismissed on or about May 6, 2003 (Case No. 03-33564); and filed on September 20, 1999 and dismissed on or about October, 29, 1999 (Case No. 99-36306).

7. The previous case was dismissed on the Chapter 13 Trustee's Motion due to delinquent payments. In the previous case I was laid off from my job in April of 2019. I was unable to continue to make my Trustee payments and my case was ultimately dismissed. I now receive disability from the Veterans Administration and am also actively seeking a full-time job, and will be able to make my plan payments.

8. I have listed all of my assets and all of my debts and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

9. In the instant case, I propose a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $50.00 per month for 1 month, then $600.00 per month for 24 months, then $1,663.00 per month for 35 months.

10. After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

11. My debts arose as a result of ordinary living expenses. The debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services.

12. I have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

13. I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect.

14.     My income is consistent and likely to remain so during this case.  My household expenses are not likely to change substantially.  I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal on March 31, 2020.

/s/ JONATHAN EDWARD TACKETT (seal)
JONATHAN EDWARD TACKETT

CERTIFICATE OF ACKNOWLEDGMENT

State of Virginia
City of Richmond; to wit:

The foregoing instrument was acknowledged before me on March 31, 2020, by JONATHAN EDWARD TACKETT.

/s/ Elizabeth June Frazier
Notary Public

My Commission Expires:           August 31, 2021
Notary Registration Number:          7261289

```
1st Advantage Credit Union
PO Box 2116
Newport News, VA 23609


Capital One
P.O. Box 70884
Charlotte, NC 28272


Chaplin & Gonet
5211 West Broad Street
Suite 100
Richmond, VA 23230


City of Richmond
Division of Delinquent Collect
P.O. Box 26508
Richmond, VA 23261


City of Richmond
PO Box 26624
Richmond, VA 23261


Internal Revenue Service
Centralized Insolvency Operati
P. O. Box 7346
Philadelphia, PA 19101-7346


Steven R. Grant, Esquire
1 Cedar Hill Court
Suite C
Bedford, VA 24523


TACS
P O Box 31800
Henrico, VA 23294


Trustees of Grand Lodge of VA
6502 Jordantown Road
Vinton, VA 24179


U.S. Department of Education
PO Box 16448
Saint Paul, MN 55116
```